# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JAMES CLARK                              *

Petitioner                               *

v                                        *       Civil Action No. PJM-07-2466

MARYLAND PAROLE COMMISSION                *

Respondent                               *
                                        ***

## MEMORANDUM OPINION

Pending is a petition for writ of habeas corpus filed pro se by James Clark (Clark). Counsel for the Maryland Parole Commission (Commission) has filed a response moving to dismiss the petition as time-barred and for failing to raise claims cognizable on federal habeas review. Clark has filed a reply. The case is fully briefed and an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Section 2254 Cases in the United States District Courts. After careful review, the Court will DENY the Petition and DISMISS the case.

## CLAIMS PRESENTED

Clark filed this Petition while on release from custody from the Maryland Division of Correction to challenge: 1) a circuit court's denial of his habeas corpus petition attacking the revocation of his mandatory supervision release by the Commission; and 2) the underlying March 7, 2003, revocation of his mandatory supervision release. Clark claims: 1) the Circuit Court for Allegany County should not have ruled that he could not use the writ of habeas corpus to challenge the Commission's revocation decision; 2) the Commission's revocation of his release and dimunition credits was not supported by substantial evidence; 3) the Commission exceeded its authority by ordering urinalysis as a special condition of Clark's release; and 4) Clark had in fact notified his agent of his change in employment. Clark acknowledges that he

has not litigated grounds three (urine sample) and four (change of employment notification) in the state courts. As relief, he asks the court to grant him "access to litigate grounds three and four.[1] Petition.

## BACKGROUND

**1. Parole Release and Revocation History**

On September 6, 1978, Clark was sentenced in the Circuit Court for Baltimore City to three years of imprisonment following his conviction for assault. Clark was paroled in 1979. Exhibits 1 and 2.[2] On March 26, 1981, Clark was convicted of first-degree rape and burglary in the Circuit Court for Baltimore City. On May 13, 1981, he was sentenced to twenty years incarceration for the rape, beginning on August 23, 1980, with a consecutive ten-year term to be served for the burglary conviction. After a revocation hearing, Clark's parole was revoked. Exhibit 4.

On October 11, 2002, Clark was released on mandatory supervision based on 2,872 days of dimunition credits from the August 23, 2010 maximum expiration date of his term of confinement. Exhibit 5. His release was subject to all standard conditions of supervision. Exhibit 4, p. 2.

On January 9, 2003, Clark's parole agent sought a retake warrant for violating rules of supervision. On January 23, 2003, the Commission issued a retake warrant for Clark for

---

[1] Clark is a pro se litigant, and the Court liberally construes the Petition. Counsel for Respondent presumes that Clark is also asking this Court "to find that the Parole Commission violated his due process rights in revoking his release and to reverse the Commission's decision." Paper No. 9, Memorandum, p. 2. The Court shall address this issue as well.

[2] All referenced exhibits are filed at Paper No. 9, Respondent's Exhibit A.

violating rules 1, 3, and 6 of his release.[3] Exhibits 6 and 7.

On March 6, 2003, Clark appeared before Commissioner Perry Sfikas. Clark, who had waived counsel, and his parole agent presented testimony. The parole agent advised the Commissioner that Clark had been charged in the District Court for Wicomico County with possession of a controlled dangerous substance and possession of drug paraphernalia. Exhibit 8. Commissioner Sfikas found that Clark had violated his mandatory supervision by failing to report on two dates, failing to obtain permission of his parole agent when he changed his employment, and by using, possessing or selling a controlled substance. After considering the evidence, the Commission revoked Clark's release, awarded him credit for "street time" from October 12, 2002 to January 3, 2003, and rescinded his dimunition credits. Exhibit 10. Clark sought judicial review by filing a petition in the Circuit Court for Baltimore City. Paper No. 23.

Before a hearing was held on his appeal of his revocation, Clark received notice of detainer from the District Court in Wicomico County based on the drug charges. *Id*. On August 14, 2002, a trial was held and Clark was acquitted of the drug charges. On October 20, 2003, a hearing was held on his revocation appeal in the Circuit Court for Baltimore City. The Circuit Court of Baltimore City affirmed revocation. Exhibit 15; *see infra*, p. 4.

On September 9, 2005, Commissioner Sfikas conducted a new revocation hearing. Clark, who was represented by counsel, was found in violation of rules 1 and 3 of his release (but not Rule 6). Commissioner Sfikas revoked Clark's release, awarded him "street credit" from October 12, 2002 to January 3, 2003, and rescinded his dimunition credits. Exhibit 11. Clark

---

[3] The Rule # 1 violation was for failing to report on two different dates for urine testing in contravention of his parole agent instructions. The Rule #3 violation was for failing to inform the parole agent of job changes. The Rule # 6 violation was for possessing or having a narcotic drug. A baggy with cocaine residue was found under Clark's bed. Exhibit 6.

did not appeal the decision to the Circuit Court.

On March 13, 2006, Commissioner Sfkias reconsidered his decision and issued a second amended decision in which he revoked Clark's release, credited him from October 12, 2002 to January 3, 2003, and revoked 1714 of Clark's 2872 diminution credits. Exhibit 12. Clark did not appeal to the Circuit Court.

### 2. State Court Proceedings

#### a. Appeal of March 7, 2003 Revocation in the Circuit Court for Baltimore City

On March 17, 2003, Clark appealed the Commission's March 7, 2003 (second amended) revocation decision in the Circuit Court for Baltimore City. Exhibits 13 and 14. By order dated October 20, 2003, the Honorable John N. Prevas affirmed the Commission's decision that Clark violated conditions 1, 3, and 6 of his mandatory supervision release, credited him for street time from October 12, 2002 to January 3, 2003, and rescinded all 2872 diminution credits "because those decisions are supported by substantial evidence in the record and are not unfair, arbitrary, capricious, or unreasonable or in violation of any statutory or constitutional right." Exhibit 15. Clark did not seek appellate review of the decision by filing a petition for certiorari in the Court of Appeals of Maryland. Clark's petition for certiorari was due no later than November 20, 2003, thirty days after the Clerk entered the Circuit Court's order. Md. Rule 8-302(b).

#### b. March 14, 2005 Petition for Habeas Corpus in the Circuit Court for Allegany County

On March 14, 2005, Clark petitioned for habeas corpus relief in the Circuit Court for Allegany County, challenging the Commission's March 7, 2003, revocation decision. Exhibits 16-18. The Commission responded that Clark was impermissibly attempting to use the writ of habeas corpus to challenge a revocation decision. Exhibit 19. Clark filed a reply.

The Circuit Court for Allegany County held a hearing on the Petition on June 22, 2005. The Court determined that the matters raised in Clark's petition "entirely relate to the Parole Commission's decision," and these issues were subject to consideration in the appeal to the Circuit Court for Baltimore County. Exhibit 21. The Circuit Court denied the Petition, holding that "[c]laims of error or irregularities were, or could have been, raised in that proceeding. Habeas corpus proceedings do not provide a further avenue of review than that set forth by statute. Code, Corr. Serv. § 7-401(e)." *Id*. Clark appealed the decision to the Court of Special Appeals of Maryland.

On June 27, 2006, the Court of Special Appeals of Maryland affirmed. Maryland's intermediate appellate court ruled "the circuit court was correct in declining to review appellant's revocation decision via a petition for the writ of habeas corpus." Exhibit 22, p. 5. The Court of Special Appeals observed that under Maryland state law, a prisoner may not challenge a parole revocation by way of a writ of habeas corpus unless a claim that the Commission was without legal authority to act is raised. *See Frost v. State*, 336 Md. 125, 135, n. 6, 647 A.2d 106, 111, n. 6 (1994) ((("absent a claim such as appellants', i.e., that the Parole Commissioner's order was an absolute nullity because the Commissioner lacked the authority to take any action, the State's argument -- that it is improper to consider the merits of a habeas corpus petition where a § 4-511(e) appeal was bypassed -- may well have merit."). The Court of Appeals denied the Petition for Writ of Certiorari on September 15, 2006. Exhibit 23.

**ANALYSIS**

**1. Statute of Limitations**

To the extent that Clark is challenging the Commission's March 7, 2003 revocation of his mandatory supervised release, the claims raised are time-barred. A one-year statute of limitations applies to this habeas petition. *See* 28 U.S.C. §2244(d).[4] The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

The Petition is deemed deposited with prison authorities and filed on the date it was signed, September 8, 2007. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*,

---

[4]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

988 F. Supp. 917, 919-920 (D.Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the prison mail box rule.). As noted above, the Circuit Court for Baltimore County affirmed the Commission's revocation on October 21, 2003. Exhibit 14. Clark did not file a petition for certiorari in the Court of Appeals. Consequently, the Circuit Court's decision became final for the purpose of starting the one-year limitations period on November 30, 2003, *i.e.* thirty days later when the deadline for filing a petition for certiorari expired. *See* Maryland Rule 8-302(b).[5] The statute of limitations expired one year later. Under these circumstances, Clark's federal petition, filed on September 8, 2007, was filed more than three years after the limitations period expired. Clark's March 14, 2005, petition for habeas corpus relief filed after the limitations period had already expired and did not statutorily toll the limitations period. In the absence of any demonstration of statutory or equitable tolling, the claims are time-barred and will be dismissed accordingly.[6]

## 2. Claims must be Cognizable on Federal Habeas Review

Clark's claim that the Circuit Court for Allegany County should have permitted him to raise his challenge to the Commission's revocation in a petition for writ of habeas corpus fails to allege any violation of constitutional or federal law. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Cagle v. Branker*, 520 F.

---

[5] Clark could not file a direct appeal of the circuit court's decision because such an appeal is not permitted by state law. Under Maryland law, "appellate jurisdiction, except as constitutionally authorized, is determined entirely by statute, and… therefore, a right of appeal must be legislatively granted." *Gisriel v. Ocean City Bd. of Supervisors of Elections,* 345 Md. 477, 485, 693 A.2d 757, 761 (1997). The only means for an inmate to seek appellate review of a Commission revocation decision is by petition for writ of certiorari in the Court of Appeals within thirty days after entry of the circuit court judgment. *See* Maryland Rules 8-301(a)(3) and 8-302(b).

[6] Clark was granted additional time to address whether the limitations period was equitably tolled, Paper No. 11, but failed to respond.

3d 320, 324 (2008). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. Clark's disagreement with state procedure provides no cognizable grounds for federal habeas corpus relief. He may not "transform his state law claim into a federal court action by dressing it in the verbiage of due process." *Brandon v. District of Columbia Board of Parole*, 823 F.2d 644, 651 (D. C. Cir. 1987). [7]

## CERTIFICATE OF APPEALABILITY

Lastly, the Court finds that Clark is not entitled to issuance of a Certificate of Appealability. A prisoner seeking habeas corpus relief has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c) (1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct

---

[7] To the extent Clark intends to base his claim on violation of procedural due process, *see* Petitioner's Reply, Paper No. 10, the Supreme Court has recognized that a liberty interest exists in the context of parole revocation. *See Morrissey v. Brewer*, 408 U.S. 471, 481(1972). At a revocation hearing, a parolee is entitled to: written notice of claimed violations of parole; disclosure of evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses; the right to have a neutral and detached hearing body consider revocation; and a written statement by fact-finders as to evidence relied on and the reasons for revoking parole. *Id*. at 489. Clark was provided a hearing and does not claim lack of notice.

in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner has not made the requisite showing in these circumstances.

## CONCLUSION

For the reasons stated above, the Court will deny the Petition and dismiss this case. A separate Order follows.

October 18, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE